ALFRED H. LEAVENGUTH ET AL., PROSECUTORS, v. TOWN OF WEST ORANGE ET AL., RESPONDENTS.

Submitted January 17, 1928—Decided May 2, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Whiting & Moore.*

For the respondents, *Grosso, Brundage & Anderson.*

PER CURIAM.

This case is presented to this court upon a writ of *certiorari.* The writ brings up for review a final assessment against lands of the prosecutors certified by a report of the board of assessment commissioners of the town of West Orange. The basis for the assessment is the laying of water mains and water connections on Mt. Pleasant avenue, in the town of West Orange. The facts presented in the record are unusual. The town of West Orange does not own a municipal water plant. It procures its supply of water from the Commonwealth

Water Company. On February 24th, 1925, a petition was presented by owners of lands situated on Mt. Pleasant avenue to the town commissioners asking that they extend the eight-inch water main on Mt. Pleasant avenue from the then westerly terminus of the water main in said avenue westwardly to the Livingston-West Orange line. This petition was read at this meeting. The board of commissioners directed the mailing of notices of intention to each of the several owners of property abutting on Mt. Pleasant avenue along the line of the proposed extension. They also caused to be published a notice with reference to the extension of this water main and of the intention to hold a public hearing on the matter on March 10th, 1925.

A public hearing was held on this date. The mayor asked if there were any present who desired to enter objections to the laying of the extension to said water main. No one present desired to be heard in opposition. An ordinance was then introduced for the laying of the water main and passed upon first and second readings, and held over for the third reading and final consideration on March 24th, 1925. At this meeting no objection was made to the passage of the ordinance, and it was accordingly passed. The town of West Orange then entered into an agreement with the Commonwealth Water Company by which the water company contracted to lay the eight-inch main, and the town agreed to deposit with the water company the sum of $11,629.39, which the water company was to retain until new customers were connected to the main. As the property of each new consumer was connected an amount equal to three and one-half times the normal annual revenue from such consumer was to be returned to the town of West Orange.

After the water main had been put in, and some two years after the inception of the proceedings, there was a report of final assessment. This final assessment charged the property owners with their *pro rata* share as found by the board of assessment for the cost of the water main and water connections. Then for the first time the prosecutors, many of whom had made the application for the water main, questioned the proceeding.

We feel that it is unnecessary to consider the question whether or not the ordinances and proceedings under review are legal. The prosecutors in our opinion are in laches. They knew from the very inception of the proceedings the entire transaction. There was no attempt to conceal the transaction on the part of the municipality. The prosecutors wanted the extension of the water main laid. They made no objection at the various hearings held in the matter. They stood by and saw the main laid. Many of them used it. Now, after wanting the main, obtaining it, using it, they seek to set aside the assessment. Over two and a half years elapsed before any opposition was evidenced. The case appears to us to be a clear case of laches on the part of the prosecutors. They will not be permitted to now object to the validity of the proceedings. The leading cases which, we think, support the position we take, are *Graham* v. *Ocean City,* 98 *N. J. L.* 426; *Burstiner* v. *East Orange,* 3 *N. J. Adv. R.* 215; 4 *Id.* 1858; *Durrell* v. *Mayor and Council of the City of Woodbury,* 74 *N. J. L.* 206.

The writ is accordingly dismissed.